UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00237-FDW

| KELVIN KEITH BROWN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Claimant Kelvin Keith Brown's Motion for Summary Judgment, (Doc. No. 14); Defendant Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment, (Doc. No. 16); and Claimant's Reply, (Doc. No. 17). Claimant, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for Supplemental Security Income ("SSI"). The motions are fully briefed and are now ripe for review. For the reasons set forth below, the COURT DENIES Claimant's Motion for Summary Judgment and GRANTS Commissioner's Motion for Summary Judgment.

## I. BACKGROUND

On June 7, 2017, Claimant filed an application for SSI, with an alleged onset date of April 26, 2016. (Doc. No. 11–1, p. 13). The Commissioner denied Claimant's initial application and upon reconsideration. Id. Subsequently, on August 7, 2019, Claimant testified at a hearing before the ALJ. Id. On November 7, 2019, the ALJ issued an unfavorable decision. Id. Claimant then

1

amended the onset date to November 12, 2018. Id. On March 15, 2021, Claimant's request for Appeals Council review was denied. (Doc. No. 16, p. 3). The ALJ concluded Claimant was not disabled since the alleged onset date. (Doc. No. 11–1, p. 13).

In step one, the ALJ found Claimant had not engaged in substantial gainful activity since the alleged onset date. Id. at 15. At step two, the ALJ found Claimant had severe impairments under 20 C.F.R § 416.920(c) (2023), such as degenerative disc disease of the lumbar spine, anxiety, and depression. Id. Evaluating step three, the ALJ determined Claimant had "mild limitations" in "understanding, remembering, or applying information," Id. at 16. Additionally, the ALJ found Claimant had "moderate limitations" in "interacting with others", "concentrating, persisting, or maintaining pace", and "adapting or managing oneself." Id. at 17–18. The ALJ concluded none of these impairments nor any combination of impairments medically equaled at least two "marked" limitations or one "extreme" limitation in the per se disabled medical listing under 20 C.F.R. pt. 404, Subpt. P, App. 1; Id. at 16.

The ALJ then established Claimant had the Residual Functional Capacity ("RFC") as follows:

> [T]o perform medium work as defined in 20 C.F.R. §§ 416.967(c) with the following additional limitations: The Claimant would be limited to no production-rate work. The Claimant could never climb ladders, ropes, or scaffolds and occasionally climb ramps and stairs. The Claimant could have no constant changes in routines, no complex decision making and no crisis situations. The Claimant could stay on task for two (2) hours at a time. The Claimant would need to about concentrated exposure to hazards. The Claimant would be limited to occasional interaction with the public, co-workers, and supervisors.

(Doc. No. 11–1, p. 19). Referencing the RFC for step four, the vocational expert ("VE") testified Claimant's past relevant work as a construction worker exceeded Claimant's RFC and Claimant was unable to perform the duties of his past relevant work. Id. at 25.

Addressing step five, the VE responded to a hypothetical which factored in Claimant's age, education, work experience, and RFC. Id. at 25–26. The VE testified an individual with these limitations could perform jobs existing in significant numbers in the national economy. Id. Specifically, the VE found jobs of automobile dealer, change house attendant, or hand packager is appropriate for Claimant. Id. at 26. As a result, the ALJ concluded Claimant was not disabled as defined in Social Security Act. 42 U.S.C.A. § 1382(a) (2022); Id. Claimant has exhausted all administrative remedies and now appeals.

## II. STANDARD OF REVIEW

The Social Security Act 42 U.S.C.A. § 1382(a) and 42 U.S.C. § 405(g) (2022) limit this Court's judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when the ALJ applied the correct legal standard *and* the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013) (emphasis added). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [ALJ] if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir.

3

2015) (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653 (alteration and internal quotation marks omitted).

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). To evaluate a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861 (citing Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016)).

Additionally, if the claimant cannot show the disability is medically equivalent to one in the per se medical listing in step three, "the ALJ must assess the claimant's ("RFC") before proceeding to step four, which is 'the most the claimant can do despite his physical and mental limitations that affect his ability to work.'" Lewis, 858 F.3d at 861–62 (citing 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). The Fourth Circuit explained the considerations applied before moving to step four:

4

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations."

Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996).

> Once the function-by-function analysis is complete, an ALJ may define the Claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96–8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the Claimant's RFC, the ALJ must examine "all of [the Claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the Claimant's] symptoms, including pain, and the extent to which [his] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the Claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [his] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the Claimant's] symptoms so that [the ALJ] can determine how [his] symptoms limit [his] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Owens v. Berryhill, 2018 WL 3620496, at *2 (W.D.N.C. July. 30, 2018).

Proceeding to step four, the burden remains with the claimant to show they are unable to perform past work. Mascio, 780 F.3d at 635. If a claimant meets the required burden as to past work, the ALJ proceeds to step five, as explained below:

> At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the Claimant can perform other work that 'exists in significant numbers in the national economy,' considering the Claimant's residual functional capacity, age, education, and work experience. [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the Claimant's limitations.

Mascio, 780 F.3d at 635; Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, claimant is deemed not disabled and the benefits application is denied. Lewis, 858 F.3d at 862.

III. ANALYSIS

On appeal, Claimant asserts one assignment of error. Specifically, Claimant argues the ALJ failed to adequately analyze the supportability and consistency factors of Dr. Richardson's medical opinion. As discussed below, because the ALJ properly reviewed all medical opinions and evaluated the veracity, the Court disagrees.

For claims filed after March 27, 2017, the process for evaluating evidence of disability was modified. 82 F.R. 5844, 5869 (1–18–2017). This claim was filed on June 7, 2017, so the new rules apply here. 20 C.F.R. § 404.1520c. The standard assessment for benefits allows the ALJ to consider several factors, including supportability, consistency, relationship with claimant, length of treatment, frequency of examinations, purpose and extent of the treatment, specialization, among other factors. 20 C.F.R. § 416.920c. The ALJ is *required* to evaluate both consistency and supportability of each medical source, and to articulate whether these factors were persuasive in the decision. 20 C.F.R. § 416.920c (2023) (emphasis added). If necessary, an ALJ must also "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8P at 7 (S.S.A. July 2, 1996).

The consistency factor considers how "the more consistent a medical opinion . . . is with the evidence from other medical sources and non-medical sources in the claim, the more persuasive the medical opinion . . . ." 20 C.F.R. § 404.1520c. Similarly, the supportability element states "[t]he more relevant the objective medical evidence and supporting explanations presented by a

medical source are to support his or her medical opinion . . . the more persuasive the medical opinions . . . ." Id. Further, the Fourth Circuit held "'[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)). Lastly, remand may be appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review[.]" Monroe, 826 F.3d 176 at 188 (citation omitted).

First, Claimant argues the ALJ improperly concluded Dr. Richardson's findings were unsupported with vague terms, lacked "accompanying functional analysis", and only based on a one-time examination. (Doc. No. 14, p. 8). As a result, Claimant contends the ALJ failed to address consistency and supportability factors. As defined above, these factors require comparing a physician's medical opinions to the objective medical evidence they collected and all other evidence presented. 20 C.F.R. § 404.1520c.

Here, the ALJ sufficiently compares Dr. Richardson's opinion to other medical evidence and assesses all other medical opinions and non-medical evidence presented, which provided varying degrees of Claimant's limitations. (Doc. No. 11–1, p. 20–24). The ALJ noted Dr. Richardson's opinion as inconsistent, as it did not previously allege any difficulty reaching, despite this being listed in her medical findings. (Doc. No. 11–1, p. 24). Also, the ALJ acknowledged the opinion was formed from only one examination of Claimant, which indicates a lack of consistency with other opinions of providers who saw Claimant more frequently. Id. Thus, the ALJ properly evaluated Dr. Richardson's opinion and concluded it lacked consistency with other medical professionals.

7

Second, Claimant argues the ALJ did not analyze Dr. Richardson's opinion for supportability because the ALJ did not cite to supporting or opposing opinions in comparison. However, the ALJ is only required to provide a narrative and conclusion for each medical opinion to analyze them properly, not to directly compare every piece of individual evidence. See Mascio, 780 F.3d at 636 (citation omitted); see also Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). Otherwise, the Court is "left to guess about how the ALJ arrived at his conclusions" and cannot meaningfully review them. Mascio, 780 F.3d at 637. The ALJ "will explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] determination or decision." 20 C.F.R. § 416.920c. Finally, it is well within the ALJ's purview to weigh the evidence as they see fit and make a holistic conclusion. See McNeill v. Berryhill, 2017 WL 1184187, at *4 (M.D.N.C. Mar. 29, 2017).

Here, the ALJ compared Claimant's complaints to Dr. Richardson's medical records and found those records to contain unsupported statements regarding Claimant's injuries. (Doc. No. 11–1, pp. 19–24). Consequently, the ALJ assigned little persuasive weight to Dr. Richardson's opinion because of its lack of supportability within the record. Id. at 24. Next, the ALJ appropriately contrasted the relevant objective evidence collected during examination with Dr. Richardson's corresponding explanation. Id. The ALJ did not find the subjective opinion proffered by Dr. Richardson was supported by the facts, citing a lack of detailed descriptions ("accompanying functional analysis"). Id.

Finally, Claimant analogizes his case to Cole v. Kijikazi, in which the ALJ discounted a medical opinion because the physician examined claimant one time and the medical limitations were vague. 2022 WL 443359, at *10 (D.S.C. Feb. 14, 2022). In that case, the district court

Case 3:21-cv-00237-FDW   Document 18   Filed 02/15/23   Page 8 of 10

remanded; however, the Cole court held that the ALJ's reasoning was not erroneous on these grounds. Id. at *11. Additionally, the court did not even consider the one-time examination in reaching its conclusion. Id. Thus, Claimant improperly relies on this case.

In the current case, the ALJ met the required analysis standard by articulating and evaluating the findings of Dr. Richardson. The ALJ noted Dr. Richardson examined Claimant. (Doc. No. 11–1, p. 24). The ALJ evaluated the treating relationship by noting Dr. Richardson evaluated Claimant on only one occasion. Id. The ALJ addressed supportability and consistency of Dr. Richardson's opinion, adequately explaining Dr. Richardson's one-time evaluation was "provided in vague terms without any accompanying functional analysis and the Claimant did not allege any difficulties with reaching (Exhibit 5E/6)." Id. Thus, the ALJ satisfied the standard of review by detailing and considering the plausibility of each medical opinion in a narrative.

The Court concludes the ALJ effectively applied the legal standards and provided sufficient reasoning in the RFC determination and analysis, which is supported by substantial evidence. The ALJ addressed the consistency and supportability factors of the medical source as required under 20 C.F.R. § 416.920c. Ultimately, the ALJ analyzed and weighed the evidence in the record as a whole, resolving conflicts appropriately and sufficiently explaining the rationale for doing so. (Doc. No. 11–1, p. 24–25). Claimant failed to show error in the ALJ's assessment of Dr. Richardson's medical opinion.

IV.    CONCLUSION

IT IS THEREFORE ORDERED that for the reasons above, Claimant's Motion for Summary Judgment, (Doc. No. 13), is DENIED; the Commissioner's Motion for Summary Judgment, (Doc. No. 15), is GRANTED; and the Commissioner's decision is AFFIRMED. IT IS SO ORDERED.

Signed: February 13, 2023

Frank D. Whitney
United States District Judge